**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
DANIEL LATNER, individually and on
behalf of others similarly situated,

          Plaintiff,

v.

MOUNT SINAI HEALTH SYSTEM, INC.,

          Defendant.
-------------------------------------------------------------x

Civil Action No. 1:16-cv-00683

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Daniel Latner, by and through counsel, alleges as follows for his class action complaint against Defendant Mount Sinai Health System, Inc. ("Mt. Sinai"):

1. Plaintiff Daniel Latner brings this action against Defendant Mt. Sinai, to secure redress for Defendant's practice of causing text message telemarketing calls to be made to the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

2. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the

health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243 § 2(6, 12) (1991), *codified at* 47 U.S.C. § 227.

3. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

4. The TCPA's prohibition against autodialed calls to cell phones "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls[.]" *In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd 14014, 14115 ¶ 165 (2003). Thus, a text message is treated the same as any other "call" under 47 U.S.C. § 227(b)(1)(A).

5. Plaintiff, having received unsolicited, autodialed text message calls from or on behalf of Defendant, files this class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal telemarketing practices.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

7. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Mt. Sinai's principal place of business is located

in this District, Plaintiff resides and received the text messages that are the subject of this lawsuit here, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## PARTIES

8. Plaintiff Daniel Latner is a natural person who resides in this District.

9. Defendant Mount Sinai Health System, Inc. is a New York corporation headquartered in this District at One Gustave L. Levy Place, New York, New York, 10029.

## FACTS

10. Within the four years prior to the filing of this action, Defendant caused autodialed text messages to be sent to the cell phones of Plaintiff and other consumers, for the purpose of soliciting the purchase of flu shots or other goods or services.

11. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access stored telephone numbers to automatically send a text message to such numbers. These calls were made with equipment capable of dialing numbers without human intervention, as part of an automated process.

12. Many of the people to whom Defendant made or caused to be made autodialed, telemarketing text messages never expressly consented to receive such calls, including Plaintiff.

13. On information and belief, many of these individuals were sent more than one text message, and Defendant lacks an adequate system for preventing autodialed text message calls to phones for which it does not have consent.

14.     Defendant's calls were intentionally made to Plaintiff and the other members of the class defined below. On information and belief, Defendant is well aware of the TCPA's prohibitions against use of autodialers in calls to consumers, but made the business decision to make these text message calls, anyway. Mt. Sinai derives substantial profit as a result of its flu shot telemarketing campaigns.

**Facts Relating to Plaintiff Latner**

15.     In or around September 2014, Plaintiff began receiving unsolicited text message calls to his cellular telephone consisting of the following or similar:

> Its flu season again. Your PCP at WPMG is thinking of you! Please call us at 212-247-8100 to schedule an appointment for a flu shot.((212)247-8100, WPMG)

16.     The WPMG referenced in the text messages refers to West Park Medical Group, a Mt. Sinai facility.

17.     Mt. Sinai, through its West Park Medical Group and other facilities, entered into an agreement with Prompt Alert Inc. ("Prompt Alert") or additional third parties, under which it sent or caused to be sent the text messages at issue to the cellular telephone numbers of Plaintiff and others.

18.     Prompt Alert is a Canadian corporation headquartered, on information and belief, at 3300 Bloor Street West, Center Tower, Suite 2300, Toronto, Ontario, M8X 2X3. Prompt Alert offers a cloud-based, patient outreach product for the healthcare industry, *PatientPrompt*, which "goes above and beyond dated auto-dialer technology."[1] The *PatientPrompt* platform is able to integrate with a healthcare provider's patient management system, and enables healthcare providers like Defendant to create customizable, automated protocols for delivering messages to

---

[1] *See* http://patientprompt.com/patient-prompt-versus-dated-auto-dialer-technology-video/ (last accessed January 27, 2016).

- 4 -

patients through voice, text message, and e-mail—from automatic, patient-specific appointment reminders to mass patient notifications and program promotions (e.g., for flu shots).

19. In response to a complaint by Plaintiff about its text messages to his phone, on January 6, 2015, Mt. Sinai sent Plaintiff a letter, which admitted that "[s]imilar to other facilities, West Park Medical Group contracts with a third party vendor, *Patient Prompt*, to perform such reminder and treatment alternatives services on their behalf." On information and belief, this is a true statement.

20. The text messages sent to the cell phones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer") under the TCPA. The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made using equipment with the capacity to dial numbers without human intervention. The equipment used to call Plaintiff and the other class members sequentially or randomly accessed their stored telephone numbers and automatically sent the text message advertising Defendant's goods or services.

21. Plaintiff did not provide Defendant with permission or consent to make these text message calls.

22. Defendant's text message calls were made as part of a campaign, the purpose of which was to encourage Plaintiff and others to buy flu shots. These text message calls constituted "telemarketing" under the TCPA. *See* 47 C.F.R. § 64.1200(f)(12).

23. Mt. Sinai automatically opts its patients in to receive such communications, putting the onus on the consumer to affirmatively opt out of receiving them.

24. The text messages were made with the knowledge and/or at the direction of Mt. Sinai. They were made by and, in fact, directly reference WPMG—a member of Mt. Sinai—using the *Patient Prompt* dialer platform.

25. Mt. Sinai ratified the text message calls placed to Plaintiff and others on its behalf. It was aware that these text messages were being sent, and continued to accept the benefits of such calls despite that knowledge. And not only was Defendant aware that such calls were being made by WPMG and "other facilities," but in response to Plaintiff's complaint about the text messages at issue, Mt. Sinai formally defended such calling practices.

26. Plaintiff and the class have been damaged by Defendant's text message calls. Their privacy was improperly invaded, and they were forced to divert attention away from other activities to address the incoming text messages. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls). Additionally, Plaintiff has a prepaid phone plan and, on information and belief, he and other class members were charged for Defendant's calls.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227

27. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

28. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

29. A text message constitutes a "call" for purposes of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

30. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention[,]" such as predictive dialers. *See Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726 (N.D. Ill. 2011) (citing *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092 ¶ 132 (2003)).

31. Defendant or those on its behalf used equipment having the capacity to dial numbers without human intervention to make non-emergency text message calls to the cellular telephone numbers of Plaintiff and the other members of the class defined below.

32. These calls were made without regard to whether or not Defendant had previously obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

33. Defendant's calls were willful or knowing.

34. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system, without prior express consent.

35. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

36. Because Defendant knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its autodialed text messages to their cell phones—and/or willfully used an automatic telephone dialing system to place its text

message calls to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

## Class Allegations

37. Plaintiff brings this Count I on behalf of a class consisting of:

> All persons who were sent a text message by or on behalf of Mount Sinai Health System, Inc. to their cellular telephone number, on or after four years prior to the filing of this action, using equipment capable of dialing numbers without human intervention, where one purpose of the call was to encourage the recipient to make a new purchase of goods or services.

Plaintiff alleges a subclass of calls that were made on or after October 16, 2013.

38. Upon information and belief, there were more than 100 persons whose cell phones were sent telemarketing text messages by or on behalf of Defendant in the four years prior to the filing of this action utilizing a device with the capacity to dial numbers without human intervention.

39. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a. Whether the text messages to the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendant had prior express consent to contact Plaintiff and the other members of the class when its text messages were sent to such persons' cell phones using an automatic telephone dialing system; and

      c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

40. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Mt. Sinai's liability to Plaintiff and the other members of the class are the same: Mt. Sinai violated the TCPA by causing the cellular telephone number of each member of the class, including Plaintiff, to be sent a telemarketing text message using an automatic telephone dialing system, without permission.

41. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

42. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

43. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

44. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as

a whole.  Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

45. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

WHEREFORE, Plaintiff Daniel Latner, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the Class and Subclass as alleged herein;

    B. A declaration that Defendant violated the TCPA as to plaintiff and the Class and Subclass;

    C. An injunction against further violations;

    D. Statutory damages; and

    E. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: January 29, 2016                DANIEL LATNER, individually and on
                                       behalf of others similarly situated


                                       By:  /s/ James J. Bilsborrow
                                           James J. Bilsborrow
                                           WEITZ & LUXENBERG, P.C.
                                           700 Broadway
                                           New York, New York 10003
                                           Telephone:  (212) 558-5500
                                           Facsimile:  (646) 293-7937
                                           Email:  jbilsborrow@weitzlux.com

                                           Alexander H. Burke
                                           (*pro hac vice* motion forthcoming)
                                           BURKE LAW OFFICES, LLC
                                           155 North Michigan Avenue, Suite 9020
                                           Chicago, Illinois 60601
                                           Telephone: (312) 729-5288
                                           Facsimile: (312) 729-5289
                                           Email:  aburke@burkelawllc.com

                                           Beth E. Terrell
                                           (*pro hac vice* motion forthcoming)
                                           TERRELL MARSHALL LAW GROUP PLLC
                                           936 North 34th Street, Suite 300
                                           Seattle, Washington  98103
                                           Telephone: (206) 816-6603
                                           Facsimile: (206) 319-5450
                                           Email:  bterrell@terrellmarshall.com

                                       *Counsel for Plaintiff*

# − EXHIBIT A −